UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport Division

| | |
|---|---|
| IN RE: | |
| JAMES T. COSTELLO | : CHAPTER 7 |
| DEBTOR | : CASE NO. 14-51156 |
| | |
| WELLS FARGO BANK, N.A. | |
| MOVANT | : RE: ECF NO. |
| VS | |
| JAMES T. COSTELLO | |
| DEBTOR | |
| ROBERTA NAPOLITANO, TRUSTEE | : AUGUST 13, 2014 |

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## (REAL PROPERTY)

The undersigned Movant, Wells Fargo Bank, N.A. ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic with respect to certain real property of James T. Costello ("Debtor(s)") having an address of 335 Perkins Avenue, Waterbury, Connecticut 06704 ("Property"). In further support of this Motion, Movant respectfully states:

1.  The Debtor(s) has/have executed and delivered or is/are otherwise obligated with respect to that certain promissory note in the original principal amount of $42, 213.00 ("Note"). A copy of the Note is attached hereto as Exhibit A. Movant is an entity entitled to enforce the Note and the Mortgage (defined below).

2.  Pursuant to that certain Mortgage ("Mortgage"), all obligations (collectively, the "Obligations") of the Debtor(s) under and with respect to the Note and the Mortgage are secured by the Property. A copy of the Mortgage is attached hereto as Exhibit B.

THIS FIRM IS A DEBT COLLECTOR. WE MAY BE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE. AT THIS TIME, WE ARE ONLY SEEKING TO PROCEED AGAINST THE PROPERTY. IN THE EVENT OF A BANKRUPTCY DISCHARGE, NO DEFICIENCY JUDGMENT WILL BE ASSESSED AGAINST THE BORROWER.

3. Wells Fargo Bank, N.A. services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant is the original mortgagee or beneficiary or the assignee of the Open-End Mortgage Deed.

4. As of August 7, 2014, the Debtor is contractually due for May 1, 2014.

5. The estimated market value of the Property is $25,000.00. The basis for such valuation is Debtor's Schedule A. The amount of the Movant's debt as of August 7, 2014 is approximately $36,697.98 pursuant to the total payoff.

6. Pursuant to the Debtor(s) statement of intention, the Debtor intends to surrender the property.

7. Pursuant to 11 U.S.C. § 362(d)(1), cause exists for relief from the automatic stay for the following reasons:

(a) Movant's interest in the Property is not adequately protected and Movant's interest in the collateral is not protected by an adequate equity cushion. Payments are not being made to Movant sufficient to protect Movant's interest.

(b) Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

8. The Movant hereby gives notice that upon the granting/consideration of this motion, it may assess the Debtor's account with reasonable attorney's fees and costs in connection with the preparation, filing, and prosecution of this Motion for Relief from Stay as more fully set forth in the underlying Note and Mortgage. In the event the Debtor received a Chapter 7 discharge after Movant's loan was originated, such fees and costs shall be non-recourse against the Debtor unless Movant's debt was included in a reaffirmation agreement.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1.      Relief from the stay allowing Movant and any successors or assign to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2.      That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3.      That, upon entry of an order granting relief from stay, Movant, its successors or assigns, or its servicing agent, at its option, be allowed to contact the Debtor by telephone or written correspondence and, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. If the Debtor received a Chapter 7 discharge after the Movant's loan was originated, any such agreement shall be non-recourse.

4.      For such other relief as the Court deems proper.

Dated at Hartford, Connecticut this 13th day of August, 2014.

By: /s/ Gerald Gordon
Gerald Gordon
Hunt Leibert Jacobson, P.C.
50 Weston St., Hartford, CT 06120
Telephone No. (860) 808-0606
Federal Bar No. CT27802