UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport Division

IN RE:
JAMES T. COSTELLO                                         : CHAPTER 7
    DEBTOR                                              : CASE NO. 14-51156

WELLS FARGO BANK, N.A.
    MOVANT                                              : RE: ECF NO.
VS
JAMES T. COSTELLO
    DEBTOR
ROBERTA NAPOLITANO, TRUSTEE                 : AUGUST 13, 2014

<u>PROPOSED ORDER GRANTING WELLS FARGO BANK, N.A. RELIEF FROM STAY</u>

After notice and a hearing, <u>see</u> Bankruptcy Code Section 102(1), on Wells Fargo Bank, N.A. (hereafter the "Movant") <u>Motion for Relief from Stay</u>, (hereafter, the "Motion"), RE: ECF NO.____.

**IT IS HEREBY ORDERED** that the Automatic Stay of Section 362(a) in the above-captioned estate is modified to permit Wells Fargo Bank, N.A. and/or its successors and assigns to commence and/or continue and prosecute to resolution a foreclosure action affecting the Debtor's interest in real property known as 335 Perkins Avenue, Waterbury, Connecticut 06704 in accordance with state law and/or permit Wells Fargo Bank, N.A. and/or its successors and assigns to contact the Debtor by telephone or written correspondence and, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. If the Debtor received a Chapter 7 discharge after the Movant's loan was originated, any such agreement shall be non-recourse unless included in a reaffirmation agreement and in the event a Chapter 7 discharge enters, no deficiency judgment will enter without further order of this court.

**IT IS FURTHER ORDERED** that the 14 day stay of Fed.R.Bankr.P. 4001(a)(3) is not applicable so that Wells Fargo Bank, N.A. may immediately enforce and implement this order granting relief from automatic stay.