## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT

In re
James T Costello,
*Debtor.*

Case No. 14-51156
Chapter 7

---

### AFFIDAVIT OF JAMES T COSTELLO

### IN SUPPORT OF

### MOTION TO REOPEN
### AND
### MOTION FOR CONTEMPT



## AFFIDAVIT OF JAMES T COSTELLO

Undersigned, James T Costello, being duly sworn does hereby depose and say:

1.      I am an adult, over 18 years of age and I recognize the obligations of an oath and I make this affidavit on my own personal knowledge and belief.

2.      I am a defendant in an *in personam, in rem* action, *Nationstar Mortgage dba Mr. Cooper v. Costello, James T. et al*, UWY-CV18-6044642, filed November 26, 2018 (Nationstar).

3.      I am also a defendant in an identical *in personam, in rem* action, *Lynwood Condominium Association Inc v Costello, James T et al*, UWY-CV22-6064523 filed February 10, 2022 (Lynwood).

4.      The events described in this affidavit pertain to all parties most of which was not known at the time but since discovered.

### *Parties*

5.      Wells Fargo Bank NA (Wells Fargo) *fka* Wells Fargo Home Mortgage Inc, was the original mortgagee and note holder.  Soon thereafter, Wells Fargo assigned beneficial interest to the Federal National Mortgage Association (Fannie Mae).  Wells Fargo remained servicer on behalf of Fannie Mae.

6.      Approximately ten years later, Wells Fargo assigned servicing rights to Nationstar Mortgage Inc (Nationstar).

7.      Approximately five years later, Nationstar assigned servicing to US Bank Trust NA not in its Individual Capacity but Solely as Owner Trustee for VRMTG Trust (USBT).

8.      Newrez LLC *dba* Shellpoint Mortgage Servicing (Shellpoint) operates under agency authority to act on behalf of USBT.

9.      Lynwood *aka* Lynnwood Condominium Association Inc, 335 Perkins Avenue, Waterbury, Connecticut (Lynwood), is th,e condominium association where the real property, known Unit 7, which is the subject of four foreclosure actions, is located.

10.     McCalla Raymer Leibert Pierce LLC (McCalla Law) is a debt collecting law firm and upon representations made, currently acts on behalf of Wells Fargo, Nationstar and USBT.

11.     Pilicy Ryan Ward PC *fka* Pilicy Ryan PC *aka* Franklin G Pilicy PC (Pilicy Law) is a debt collecting law firm and upon representations made, currently acts on behalf of Lynwood.

12.     The four foreclosure actions, two closed and two pending, involve the same parties, the same material facts, identical questions of law, and sought and continue to seek to foreclose on the same real property Unit 7.

### *Wells Fargo*

13.     On September 19, 2003, Wells Fargo *fka* Wells Fargo Home Mortgage Inc recorded a mortgage deed on the land records Volume 4768 Page 247.

14.     The real property mortgaged was Unit 7.

15.     Sometime soon after loan closing, Wells Fargo transferred all beneficial interest in the promissory note to Fannie Mae and thereafter remained servicer.

### *Affiant's Voluntary Chapter 7 bankruptcy and QCD in rem transfer*

16.     On June 12, 2014,  I sent notices to Wells Fargo, Lynwood and other creditors of my intent to file for voluntary Chapter 7 bankruptcy.

17.     On July 24, 2014, through counsel, I filed a voluntary petition for Chapter 7 bankruptcy and listed, among other things, the property which is the subject of the now pending Nationstar and Lynwood foreclosures.  See, *In re Costello,* No. 14-51156 (Bankr. D.Conn 2014).

18.     On July 24, 2014, I surrendered the real property to the bankruptcy estate.

19.     On July 30, 2014, McCalla Law *fka* Hunt Liebert Jacobson PC, filed an appearance for servicer Wells Fargo (ECF6).

20.     On August 13, 2014,  McCalla Law filed for relief from the automatic stay (ECF7).

21.     On August 26, 2014, McCalla Law's Linda Marie St Pierre file a proposed order for entry of the Bar date (ECF10).

22.     On August 28, 2014, bankruptcy court *(Skiff, J)* granted relief from stay (ECF11).

23.     On September 17, 2014, the bankruptcy Trustee *(Napolitano)* filed a report of no distribution and abandoned Unit 7, the property surrendered, which had a market value of $25,000.

24.     On September 25, 2014, Wells Fargo gratuitously solicited a deed in lieu of foreclosure for Unit 7.

25.     Upon discussion with counsel, I agreed to provide a Quit Claim Deed (QCD) pursuant to CGS §§47-36f and 47-36b and confirmed my agreement to Wells Fargo.

26.     On October 25, 2014, and prior to discharge of my debts, I fully executed the QCD in favor of Wells Fargo thereby transferring all *in rem* rights, title and interest in and to the property which is the subject of the pending Nationstar and Lynwood foreclosures.

27.     On October 27, 2014, I forwarded a copy of the QCD to McCalla Law's St Pierre, among others.

28.     On October 29, 2014, my debts were discharged (ECF14).

29.     On November 13, 2014, my bankruptcy case closed.

30.     On November 20, 2014, Wells Fargo acknowledged and accepted receipt of QCD.

31.     Pursuant to CGS §47-12a, I recorded an Affidavit of Quit Claim Deed on the land records of Waterbury, Connecticut, Volume 7552, Page 240 which attested to my transfer of Unit 7 *in rem* interest to Wells Fargo.

### *Fourclosure 1 Lynwood*

32.     See *Infra ¶¶ 77-88* for averments of Foreclosure 1 filed May, 2015, and withdrawn July, 2015.

### *Fourclosure 2 Wells Fargo*

33.     On October 13, 2015, Wells Fargo recorded a *post-petition* lis pendens on the Waterbury land records Volume 7401 Page 44.

34.     On or around October 19, 2015, Wells Fargo through counsel Witherspoon Law LLC (Witherspoon) filed a foreclosure action for the *in personam* discharged mortgage debt and the *in rem* property interests transferred by QCD.  Witherspoon failed to include the interest of Fannie Mae.  See, *Wells Fargo v Costello et al*, UWY CV15-6028725 Supr Ct JD Waterbury (2016).

35.     On or around December 10, 2015, and for the first time, Wells Fargo notified me *ex parte* of Fannie Mae ownership.

36.     From the time of Wells Fargo's foreclosure action and continuing throughout, I received telephone calls made by authorized representatives and/or agents of Wells Fargo seeking payment of the discharged debt.

37.     I received invoices sent in the mail by authorized representatives and/or agents of Wells Fargo demanding payment of principal, interest, costs and expenses on the discharged debt.

38.     The amounts demanded were discharged in whole or in part by the Bankruptcy Court and any amount not discharged was transferred as a result of the QCD and paid directly or indirectly by Wells Fargo.

39.     On May 27, 2016, in the foreclosure action, I filed a motion to dismiss.

40.     On August 16, 2016, after an evidentiary hearing, state court *(Taylor, J)* dismissed the action for failure to fulfill a mortgage condition precedent.

41.    The standing issues of, (1) the bankruptcy discharge, (2) the QCD, (3) Wells Fargo's *unperfected post-petition lien* and (4) Fannie Mae ownership were not considered by court.

42.    On August 15, 2016, one day before court ordered dismissal, Wells Fargo assigned servicing rights to Nationstar. However, Nationstar improperly recorded an assignment of the mortgage deed instead on the Waterbury land records Book 7542 page 130.   The assignment recorded failed to contain notice of Fannie Mae authorization as note holder.

43.    On or around May 13, 2020, six years after my bankruptcy discharge and for the first time, Wells Fargo notified me of their neglect in reporting my bankruptcy discharge to the credit reporting agencies.

44.    But for Wells Fargo's admitted neglect, I would not have suffered the depravation of my financial fresh start to which I was entitled after my debts were discharged and the *in rem* liability QCD transferred in favor of Wells Fargo on behalf of Fannie Mae.

### *Foreclosure 3 Nationstar*

45.    On August 15, 2016, Wells Fargo assigned servicing rights to Nationstar. Nationstar improperly recorded an assignment of the mortgage deed instead on the Waterbury land records Book 7542 page 130.   The assignment recorded failed to contain notice of Fannie Mae ownership.

46.    Commencing on or around September, 2016, and continuing up to approximately August, 2021, I received frequent harassing telephone calls made by authorized representatives and/or agents of Nationstar demanding payment of the discharged debt.

47.    I also received monthly invoices sent in the mail by authorized representatives and/or agents of Nationstar demanding payment of principal, interest, costs and expenses on the discharged debt.

48.    The amounts demanded were discharged in whole or in part by the Bankruptcy Court and any amount not discharged was transferred and paid directly or indirectly by Wells Fargo and/or Nationstar.

49.    On or around November 19, 2018, three months later, Nationstar recorded a *post-petition* lis pendens on the Waterbury land records Volume 7855 Page 345.

50.    Nationstar's *post-petition* lis pendens was duplicative of Wells Fargo's *post-petition* lis pendens.  *Infra ¶ 33.*

51.    On or around November 26, 2018, Nationstar through counsel Milford Law LLC *dba* Kapusta, Otzel & Averaimo (Milford Law) filed a foreclosure action for the *in personam* discharged mortgage debt and the *in rem* property interests transferred by QCD.  Milford Law failed to include the interest of Fannie Mae.  See, *Nationstar Mortgage dba Mr. Cooper v. Costello, James T. et al,* UWY-CV18-6044642, with a return date of December 4, 2018.

52.    On January 22, 2019, within the time period permitted under the Practice Book, I filed a motion to dismiss (108.00) alleging, among other things, Nationstar lacked standing to commence the action.

53.    On February 4, 2019, Cooke Law LLC (Cooke Law) *fka* Sandelands Eyet LLP filed an appearance on behalf of Nationstar.

54.    Wells Fargo and Lynwood were also named defendants.

55.    Wells Fargo and Lynwood defaulted and are nonparticipating throughout.

56.    On June 21, 2019, after an evidentiary hearing,  state court *(Taylor, J)* issued a decision (120.00) on my motion to dismiss  which conclusively established Fannie Mae ownership of the note and conclusively established the assignment between Wells Fargo and Nationstar was defective because Nationstar failed to produce evidence of Fannie Mae authorization.

57. State court Judge Taylor failed to consider the issues of (1) the bankruptcy discharge, (2) the QCD, (3) Wells Fargo's *unperfected post-petition* mortgage deed and (4) Nationstar's *unperfected post-petition* mortgage deed, all of which resulted in denial of dismissal.

58. From approximately July, 2019, and continuing up to December, 2019, Nationstar's co-counsels Cooke Law and Milford Law filed voluminous, redundant motions, requests and other docket entries simultaneously to harass and confuse to prevent me, a *pro se*, from properly defending myself. See 140.00, 149.00.

59. Under litigation privilege, Nationstar's co-counsels repeatedly misrepresented facts and disavowed knowledge of my bankruptcy discharge of the mortgage debt and the QCD and further encouraged state court to ignore Fannie Mae ownership, ignore the break in the chain of title and ignore Nationstar's *unperfected post-petition* mortgage deed.

60. Under litigation privilege, Nationstar's co-counsels repeatedly misrepresented my compliance with Practice Book rules and maliciously declared I defaulted in failure to plead irrespective of my timely filed responsive pleading in the form of a motion to dismiss properly heard and decided by state court *(Taylor, J). Infra ¶ 56.*

61. On or around August, 2019, Judge Taylor was transferred to Judicial District Hartford and Judge Agati was assigned to the Nationstar foreclosure.

62. The consequence of Nationstar's co-counsels negligent misrepresentations resulted in state court's failure to consider any pleading or motion I subsequently and timely filed pursuant to the Rules, ie., my request to revise (146.00), my motion to strike (199.00), my answer and special defenses (216.00), my counterclaims (260.00), and others. See 215.00.

63. On November 4, 2019, during an in-person hearing *(Agati, J)* on discovery issues, co-counsel Cooke Law admitted my *in personam* liability was discharged by the bankruptcy court and any fees and costs in connection with prosecution of debt were non-recourse. 169.10, 221.00.

64.     Also on November 4, 2019, co-counsel Cooke Law admitted on the record as to knowledge and evidence of my QCD recorded on the land records *(Infra ¶¶ 25-27, 30)*

65.     During the November 4, 2019 hearing, Cooke Law was further instructed by state court to correct an objection to my discovery requests for admissions which correction would admit to the QCD affidavit being recorded on the land records but Cooke Law failed to do so prior to her withdrawal from representing Nationstar.  See 169.10, 221.00.

66.     On December 30, 2019, Benjamin Staskiewicz on behalf of McCalla Law appeared for Nationstar replacing Cooke Law.

67.     McCalla Law's St Pierre's is a witness to my Chapter 7 bankruptcy discharge and Wells Fargo's gratuitous solicitation and receipt of the QCD and St Pierre is a receipent of a copy of the executed QCD. *Infra ¶ 27.*

68.     McCalla Law's St Pierre neglected to *perfect* Wells Fargo's mortgage deed on the land records prior to the discharge of the debt October 29, 2014, which rendered any subsequent *post-petition* lien *unperfected.*

69.     On or around March, 2020, and continuing to August 1, 2021, a moratorium was ordered on federal-backed mortgage foreclosures because of the COVID pandemic.

70.     In a letter dated May 13, 2020, during the moratorium, Wells Fargo *ex parte* notified me of their six-year-plus neglect to notify the credit reporting agencies about my *in personam* liability bankruptcy discharge.  See 289.00.

71.     Sometime prior to August 1, 2021, during the moratorium, Nationstar's co-counsel Milford Law became Barton Gilman LLP.

72.     Barton Gilman LLP is a *personal services* entity without any named principals, members or partners which constitutes a shell company for pass-through transactions and as such, forecloses on real property without cognizance as a law firm.

73.    On August 20, 2021, Nationstar assigned servicing rights to USBT but failed to identify Fannie Mae ownership of the promissory note.

74.    Soon thereafter, Barton Gilman LLP withdrew appearance from Nationstar/USBT.

75.    On January 27, 2024, I received a notice from Mr Cooper, Nationstar's debt collector, of a data breach.  The breach involved personal identifying information which occurred sometime between October 30, 2023, and November 1, 2023.  The personal identifying information breached included my name, address, social security number, date of birth.

76.    The data breach letter was backdated to December 19, 2023.

### *Foreclosures 1 and 4 Lynwood*

77.    On June 12, 2014,  I sent notices to Wells Fargo, Lynwood and other creditors of my intent to file for voluntary Chapter 7 bankruptcy.

78.    The notice was sent to Lynwood's Connecticut Secretary of State (CTSOS) registered agent, attorney John R Palumbo, of Palumbo Palumbo & Carrington, 193 Grant, 4th Floor, Waterbury Connecticut 06702.

79.    In a letter dated November 17, 2014, Lynwood's counsel Pilicy Law, a debt collector, demanded payment of $1,898.88 purportedly for common assessments.

80.    Attached to Pilicy Law's demand was a statement dated November 17, 2014, purportedly from PINC Management LLC which contained dates from November 30, 2013 through November 1, 2014 with a handwritten entry for $1,898.88.

81.    The amount demanded was discharged in whole or in part by the bankruptcy court and any amount not discharged was QCD transferred and paid directly or indirectly by Wells Fargo.

82.    In a letter dated January 13, 2015, Pilicy Law demanded payment of $4,550.89 proportedly for common assessments and did not indicate whether the amount demanded was in addition to the previous amount or in substitution.

83.    Attached to Pilicy Law's demand was a statement dated January 12, 2015, purportedly from PINC Management LLC which contained dates from December 31, 2013, through January 12, 2015, with handwritten entries for $4,550.89.

84.    The amount demanded was discharged in whole or in part by the Bankruptcy Court and any amount not discharged was transferred and paid directly or indirectly by Wells Fargo.

85.    On April 27, 2015, Pilicy Law recorded a *post-petition* lis pendens on the Waterbury land records Volume 7341 Page 290.

86.    On May 8, 2015, Pilicy Law filed a foreclosure action alleging nonpayment of common assessments. See, *Lynwood Condominium Association v Costello et al*, UWY CV15-6027164, Supr.Ct. JD Waterbury (2015).

87.    On or around July 2, 2015, Pilicy Law voluntarily withdrew Foreclosure 1.

88.    On or around July 2, 2015, a release of Lynwood's *unperfected post-petition* lis pendens was recorded on the land records Volume 7365 Page 17.

89.    From the time of withdrawal on or around July 2, 2015, and up to October 21, 2021, in both the Foreclosure 2 Wells Fargo  and Foreclosure 3 Nationstar , Lynwood was cited as a defendant and defaulted for nonappearance and did not participate in the actions.

90.    On or around May 26, 2021, Jillian Judd (Judd), an attorney debt collector acting on behalf of Pilicy Law, accessed Lynwood's registered documents previously filed with the Connecticut Secretary of State (CTSOS) where Judd improperly and retroactively added, deleted, modified and/or altered state records for the years of 2012, 2013, 2014, 2015, 2016, 2017, 2018, 2019 and 2020.

91.     On or around May 26, 2021, Judd accessed Lynwood's CTSOS 2015 annual report and retroactively deleted the name on record of Doreen R Dilger as property manager of PINC Management LLC and replaced the line item with Judd's own name.

92.     Six days later, on or around June 2, 2021, Judd further registered a new Lynwood document with CTSOS which designated Pilicy Law as agent for Lynwood.

93.     On or around August 16, 2021, I received a debt collection demand from Pilicy Law for payment of $10,918.80 which failed to include any statement to identify dates and amounts of the alleged debt.

94.     Pilicy Law's debt collection letter was backdated to June 10, 2021.

95.     On August 18, 2021, in a letter to Pilicy Law, I denied the amount demanded because the debt was discharged in whole or in part by the bankruptcy court and any amount not discharged was transferred and paid directly or indirectly by Wells Fargo and/or Nationstar.

96.     In a letter dated September 9, 2021, I received another debt collection demand from Pilicy Law for payment of $12,578.16 which did not indicate whether the amount was in addition to the previous amount or in substitution.

97.     Attached to Pilicy Law's letter was a statement dated September 8, 2021, purportedly from PINC Management LLC which contained the dates from June 30, 2021, through September 1, 2021, and handwritten entries for $12,578.16.

98.     The amount demanded by Pilicy Law was discharged in whole or in part by the bankruptcy court and any amount not discharged was transferred and paid directly or indirectly by Wells Fargo and Nationstar.

99.     In a letter dated September 28, 2021, I received a third debt collection demand from Pilicy Law for payment of $12,578.16 which did not indicate whether the amount demanded was in addition to the previous amount demanded or in substitution.

100.    Attached to Pilicy Law's letter was a statement dated September 8, 2021, purportedly from PINC Management LLC which contained dates from June 30, 2021, through September 1, 2021, with handwritten entries for $12,578.16.

101.    The amount demanded by Pilicy Law was discharged in whole or in part by the bankruptcy court and any amount not discharged was transferred and paid directly or indirectly by Wells Fargo and Nationstar.

102.    On October 21, 2021, in Foreclosure 3 Nationstar forecloure, Franklin Pilicy on behalf of Pilicy Law filed an appearance for defendant Lynwood for the first time but continues not to participate in the action.

103.    On or around November 2, 2021, a Lynwood annual report for 2021 was registered with CTSOS which deleted all previous condominium board members, added two others not previously named, removed Pilicy Law as agent and added PINC Management LLC, all of which was executed by Amber Fairfax purportedly on behalf of PINC.

104.    On January 6, 2022, in the Nationstar foreclosure, Jeffrey McDonald on behalf of Hasset & George PC filed an appearance for Lynwood but does not to participate in the action.

105.    On or around February 3, 2022, Lynwood recorded a *post-petition* lis pendens on the Waterbury land records Volume 8426 Page 34.

106.    On or around February 10, 2022, Pilicy Law on behalf of Lynwood filed Forclosure 4 which was previously voluntarily withdrawn in Foreclosure 1. *Infra ¶¶ 77-88* . See, *Lynnwood Condominium Association Inc v Costello, James T,* No. UWY-CV22-6064253, Supr. Ct. JD Waterbury.

107.    USBT was cited as a defendant in Foreclosure 4 but was defaulted for nonappearance and does not participate in the action.

108.    Lynwood's claims are duplicative of Nationstar/USBT's claims.

109. On February 28, 2022, I filed a motion to dismiss citing lack of subject matter jurisdiction (102.00).

110. On March 18, 2022, Lynwood objected (107.00).

111. On April 1, 2022, I filed a motion for an evidentiary hearing (109.00) to which Lynwood objected April 14, 2022 (114.00) and which was marked OFF May 2, 2022 *(Agati, J)*.

112. On July 5, 2022, state court *(Roraback, J)* conducted an evidentiary hearing with a decision under advisement.

113. On or around this time, judicial reassignments occurred.

114. In an *ex parte* letter dated August 1, 2022, from PINC Management LLC (PINC), a demand for $2,000 was made for an alleged special assessment (122.00).

115. On August 8, 2022, I filed a motion to implead PINC Management (117.00) to which Pilicy Law objected on the grounds of unnecessary delay (118.00) and to which I replied (125.00). State court *(Spader, J)*, denied my motion (117.10).

116. In a second *ex parte* letter dated August 12, 2022, from PINC the demand for payment of $2,000 by September 10, 2022, included the additional threat of foreclosure (123.00).

117 On August 18, 2022, I filed a motion to consolidate Foreclosure 3 Nationstar and Foreclosure 4 Lynwood actions (124.00) which state court *(Spader, J)* denied. 124.10; 133.10.

118. On November 28, 2022, a second evidentiary hearing on my motion to dismiss was conducted by state court *(Roraback, J)*.

119. On January 10, 2023, state court *(Roraback, J)* issued Order 102.25 where the court found my *in personam* mortgage debt was in fact discharged and confirmed the *in rem* liability was transferred to Wells Fargo by the QCD, the result of which rendered Foreclosure 4 Lynwood action nonjusticiable and, therefore, moot. Dismissal was denied.

120.    Order 102.25 so concluded the rights of all parties further proceedings were moot.

121.    Neither McCalla Law nor Pilicy Law, on behalf of Nationstar/USBT and Lynwood, respectively, filed for reargument of Order 102.25 in the time required pursuant to the Practice Book nor moved for an extension of time to do so nor filed a notice of intent to appeal within the required time set by the rules.

122.    On January 23, 2023, in reliance of Order 102.25, I filed a motion for judgment (143.00). Lynwood's Pilicy Law on objected (146.00) and launched a collateral attack on the state court's authority to find as Judge Roraback did   State court *(Spader, J)* denied judgment March 27, 2023, without articulation (143.10).

123.    On April 3, 2023, I filed an appeal to the Appellate but the appeal was dismissed (163.00) for lack of a final judgment (167.01). Neither Lynwood nor USBT participated in the appeal process.

124.    On April 18, 2023, more than an year after the return date but soon after the appeal, Aaron Felman on behalf of McCalla Law filed an appearance for USBT but remained a nonparticipant.

125.    From April 3, 2023, and up to the time of the appeal process ended, both Pilicy Law *(Infra ¶¶ 126-129)* and McCalla Law *(Infra ¶¶ 130-138)* engaged in an intentional strategy to enforce or carry out a foreclosure judgment to blur the lines of my bankruptcy discharge and Order 102.25 finding of nonjusticiability and mootness.

126.    On September 25, 2023, during the appeal process which stayed any Superior Court action, Pilicy Law improperly scheduled a remote hearing for the sole purpose to collaterally attack Judge Roraback's Order 102.25. Pilicy Law did so by improperly reclaiming my stale motion (160.00) as if authored by Pilicy Law. Docket entry160.00 became mooted by Order 102.25. Pilicy Law did so without my knowledge or consent. Pilicy Law also filed an

affidavit for attorneys fees, an appraisal and an affidavit of debt (169.00; 170.00; 171.00). Pilicy Law then marked my stale mooted 160.00 motion ready without my knowledge or authorization. To further conceal the improper nonjudicial acts, Pilicy Law failed to provide timely notice while at the same time, falsely certified to state court otherwise.

127.    Pilicy Law's collateral attack upon Judge Roraback's Order 102.25, my bankruptcy discharge and my QCD transfer was done with intent to deceive which would not have occurred but for Pilicy Law's contempt for the bankruptcy process.

128.    Upon discovery of Pilicy Law's nonjudicial acts, I objected (172.00) and on September 25, 2023, state court marked the matter OFF (173.10).

129.    On January 8, 2024, during the appeal process which stayed any Superior Court action, Pilicy Law once again improperly scheduled a remote hearing for the sole purpose of furthering the collateral attack previously attempted against Judge Roraback's Order 102.25 September 25, 2023 *Infra ¶¶ 126-128*. Pilicy Law once again improperly reclaimed my stale motion (160.00) mooted by Order 102.25 and once again marked my stale mooted motion ready without my knowledge or authorization.

130.    This time, though, McCalla Law who now represents USBT, a nonparticipating defendant for well over two years, suddenly and without notice, speaks. McCalla Law, as a declared debt collector, filed an objection (175.00) to my stale mooted 160.00 motion.

131.    McCalla Law's objection improperly misrepresented material facts by falsely alleging I perjured myself by providing the Bankruptcy Court with false declarations in my 2014 Chapter 7 petition.

132. McCalla Law, without evidence or affidavit, declared I committed perjury when (a) I declared to Bankruptcy Court ownership of Unit 7 property; (b) surrendered the property to the estate; (c) accepted Wells Fargo's gratuitous solicitation for a deed in lieu of foreclosure after administration and abandonment of the property by the trustee; (d) QCD transferred property rights, title and interest to Wells Fargo; and (e) then subsequently declared in state court I did not own the property.

133. Upon belief, McCalla Law did so in protection of McCalla Law's (Linda St Pierre) own failure to *perfect* a lien on the land records prior to discharge where St Pierre personally represented Wells Fargo during the bankruptcy process and St Pierre has personal knowledge of the *in rem* transfer by QCD to Wells Fargo.

134. In the objection, McCalla Law demanded Superior Court sanction me through judicial estoppel to chill my constitutional right to speak in my own defense.

135. Rules of state court require timely notice of court filing but neither McCalla Law nor Pilicy Law complied and if copies were eventually provided, such copies were not timely yet both falsely certified on the state court docket otherwise.

136. The appearance of collusion between McCalla Law and Pilicy Law represents a furtherance of the collateral attack upon Judge Roraback's Order 102.25 where both debt collecting entities clearly demonstrate a contempt for the federal bankruptcy process and the laws contained therein.

137. Upon discovery of McCalla Law and Pilicy Law's injudicious acts, I objected (176.00).

138. The acts by McCalla Law and Pilicy Law's represent an improper collateral attack upon my bankruptcy discharge and Judge Roraback's Order 102.25.

### *Foreclosure 4 under USBT Shellpoint Mortgage Servicing*

139.    In a letter dated September 13, 2021, I received a notice from Newrez LLC *dba* Shellpoint Mortgage Servicing, a debt collector, where, "...the prior owner of your loan sold your loan to the new owner identified below... on August 20, 2021.  USBT is identified as the new owner (290.00).

140.    The notice further states, "As of October 6, 2021, your servicer is Shellpoint Mortgage Servicing." (290.00).

141.    The purported assigment from Nationstar to USBT was recorded on the Waterbury land records months later, December 1, 2021, Volume 8389 Page 316.

142.    Neither the USBT/Shellpoint notice nor the assignment identify Fannie Mae ownership of the note.

143.    Commencing on or around September, 2022, and continuing, I received frequent harassing telephone calls made by authorized representatives and/or agents of USBT/Shellpoint demanding payment of the discharged debt.

144.    I also receive monthly invoices sent in the mail by authorized representatives and/or agents of USBT/Shellpoint demanding payment of principal, interest, costs and expenses on the discharged debt.  Since on or around January, 2024, the monthly invoices are now weekly.

145.    The amounts demanded were discharged in whole or in part by the Bankruptcy Court and any amount not discharged was transferred and paid directly or indirectly by Wells Fargo and/or Nationstar and/or others.

146.    On or around September 30, 2021, McCalla Law's Victoria Forcella (Forcella) without notice or authorization from state court, improperly tampered with and altered the state court docket of the closed 2015 Wells Fargo (Foreclosure 1) action where Forcella deleted the name and address of Witherspoon Law. *Infra ¶ 34.*

147. Forcella then added McCalla Law's name and address in replacement to give the false appearance of continuous legal representation when in fact McCalla Law did not appear in the Nationstar foreclosure until December 30, 2019. *Infra* ¶ *66*.

148. On October 21, 2021, Pilicy Law filed an appearance approximately three years after default entered. Lynwood remains a nonpaticipating in the Nationstar/USBT action.

149. On October 27, 2021, a month after tampering with the Wells Fargo closed case docket, Forcella on behalf of McCalla Law filed an appearance for USBT.

150. On November 18, 2021, three years into the Nationstar foreclosure where defendant Wells Fargo failed to appear and failed to plead, McCalla Law's Forcella, without notice or authoriation from state court, unsuccessfully attempted to delete or otherwise remove Wells Fargo's name as a defendant from the docket (294.00).

151. Wells Fargo remains a defendant defaulted and a nonparticipant.

152. For a period of approximately six months, September, 2021, to March, 2022, except for Forcella's unlawful tampering, McCalla Law ignored the docket and did not participate.

153. On April 6, 2022, McCalla Law's Forcella purportedly representing USBT, filed an amended complaint which substituted USBT for Nationstar.

154. The complaint as pled is insufficient on the issues ruled regarding Fannie Mae ownership (120.00; *Infra* ¶ *56*), the bankruptcy discharge (221.00; *Infra* ¶ *63*), the QCD *in rem* transfer (169.10; *Infra* ¶¶ *64-65*) and nonjusticiability (Order 102.25 Lynwood Foreclosure 4).

155. Sometime prior to September, 2022, state court judicial reassignments occurred.

156. From approximately September, 2022, to April, 2023, seven months, McCalla Law did not participate in the Nationstar/USBT foreclosure.

157. The Nationstar/USBT Foreclosure 3 pleads identical allegations pled in Lynwood Foreclosure 4.

158.    Lynwood Foreclosure 4 was rendered nonjusticiable and moot (102.25).    *Infra ¶¶*
*119-120.*

159.    Order 102.25 renders Nationstar/USBT Foreclosure 3 nonjusticiable and moot.

160.    On May 5, 2023, I moved for judgment (346.00) which was denied (346.10).

161.    On May 30, 2023, I appealed to the Appellate which appeal was dismissed *sua*
*sponte* for lack of a final judgment.

162.    Neither McCalla Law nor Pilicy Law acknowledge the existence of Order 102.25.

### *Federal District Court Actions*

163.    After Wells Fargo Foreclosure 2 was dismissed *(Infra ¶ 40)*, and prior to Nationstar
Foreclosure 3 *(Infra ¶ 51)*, I filed a quiet title action in district court. *Costello v Wells Fargo Bank*
*Nat'l Ass'n,* No. 16-CV-1706 (VAB) (D.Conn. July 31, 2017).

164.    The quiet title action was dismissed under FRCP 12(b)(1) and 12(b)(6).  Appeal to
the Second Circuit, *Costello v. Wells Fargo Bank, National Association,* No. 17-2682-cv (2d Cir.
Oct. 12, 2018) *(summary order)* affirmed.

165.    In the Nationstar Foreclosure 3 during the time McCalla Law unlawfully tampered
and altered state dockets *(Infra ¶¶ 146-153)*, and in preservation of my rights, I filed a due process
42 USC §1983 action, *Costello, James T v Wells Fargo Bank NA,* No. 3: 21-cv-01388 (VAB) (D.
Conn. June 3, 2022).

166.    The 42 USC §1983 action was dismissed under FRCP 12(b)(1) and 12(b)(6).
Appeal to the Second Circuit, *Costello v. Wells Fargo Bank NA,* No. 22-1528-cv (2d Cir. Oct. 2,
2023) *(summary order)* affirmed citing *In re Belton, v GE Capital Retail Bank,* 961 F.3d 612 (2d
Cir. 2020).

167.    The events, facts and circumstances, as I know them and to the best of my

knowledge and belief, are contained in this affidavit and made in good faith.


By _____
     James T Costello


Subscribed and sworn to before me this /2th day of February, 2024.


_____
Notary Public

My commission expires: _11- 30-25_

NICHOLAS A. MCLEAN
NOTARY PUBLIC, STATE OF CONNECTICUT
My Commission Expires November 30, 2025

## CERTIFICATION OF SERVICE

I hereby certify the motion to reopen will be sent by email to all parties by operation of the Court's electronic filing system to all appearing parties or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Lynwood Condominium Association Inc.
Agent for Service:  PINC Management LLC
Attention:  Amber Fairfax, Owner
PO Box 696
Watertown CT 06795

McCalla Raymer Leibert Pierce LLC
Attention:  Richard Leibert, Principal
Agent for Service:  CT Corporation System
67 Burnside Avenue
Hartford CT 06108-3408

Nationstar Mortgage LLC *dba* Mr Cooper
Attention:  Kurt G Johnson, Manager
Agent for Service:  Corporation Service Co.
225 Asylum Street, 20th Floor
Hartford CT 06103

Pilicy Ryan Ward PC
Attention:  Franklin G Pilicy, Partner
Agent for Service:  Franklin G Pilicy
235 Main Street
Watertown CT 06795

US Bank Trust NA not in its individual
capacity but solely as owner trustee for
VRMTG Asset Trust
c/o Newrez LLC
*dba* Shellpoint Mortgage Servicing
Attention:  Nicola Santoro, Manager
Agent for Service:  Corporation Service Company
225 Asylum Street, 20th Floor
Hartford CT 06103

Wells Fargo Bank NA
Attention:  Angel R Moore, Ass't Secretary
Agent for Service:  Corporation Service Co.
225 Asylum Street, 20th Floor
Hartford CT 06103

James T Costello, Debtor Movant *pro se*
408 Bar Harbour Road
Stratford CT 06614
tel/fax  203 386 0171
email *jamescostello05@hotmail.com*